UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIA CARRASCO,<br><br>Plaintiff,<br><br>v.<br><br>SUTTELL & HAMMER, P.S. and CAPITAL ONE, N.A.,<br><br>Defendants. | Case No. 3:26-cv-05342-TMC<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

In this case, self-represented Plaintiff Maria Carrasco challenges actions arising from efforts to collect her credit card debt and responses to her inquiries about securitization of the debt. Ms. Carrasco alleges that Defendant Capital One, N.A., acting through Defendant Suttell & Hammer, P.S., sued her in Washington state court in 2025 to collect a debt of $4,864.99. Dkt. 1 ¶¶ 7–8. The state court granted summary judgment in favor of Capital One. *Id.* ¶ 25. Ms. Carrasco then sued Capital One and Suttell & Hammer in this Court, alleging that they had violated both the Washington Consumer Protection Act ("CPA"), RCW 19.86, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f. *See id.* ¶¶ 34–43.

Capital One has now moved to dismiss the claims against it.[1] That motion (Dkt. 8) is GRANTED. Because Ms. Carrasco has not alleged a cognizable legal theory to support a CPA claim against Capital One, the Court DISMISSES the CPA claim against Capital One with prejudice. And because Capital One is not a debt collector under the FDCPA, the Court DISMISSES the FDCPA claims against Capital One with prejudice. If Ms. Carrasco believes she can amend her complaint to state different claims against Capital One, she may file a motion for leave to amend no later than December 28, 2026. *See* Dkt. 22. Otherwise, her operative complaint will proceed solely against Suttell & Hammer.

## II. BACKGROUND

### A. Facts

On July 30, 2025, Suttell & Hammer, acting on behalf of Capital One, sued Ms. Carrasco in Pierce County District Court, Case No. 5A778758C (the "Collection Action"), seeking to collect a credit card debt of $4,864.99 from one of her Capital One accounts. *Id.* ¶ 7.

On January 29, 2026, Suttell & Hammer moved for summary judgment in the Collection Action. *Id.* ¶¶ 9–14. Alongside the motion, Suttell & Hammer filed an affidavit (the "Logan Affidavit") written by Shannon Logan, a "Litigation Support Representative" for Capital One. *Id.* ¶¶ 10–11. The Logan Affidavit described Capital One as the "original creditor" on Ms. Carrasco's account. *Id.* ¶ 13.

While the court filings were pending, on February 9, Ms. Carrasco sent Capital One a letter asking, "whether her credit card accounts had been securitized and transferred to [the Capital One Multi-Asset Execution Trust ("COMET")] or any other entity." *Id.* ¶ 19. Eleven days later, Capital One responded that it was "unable to locate the number based on the

---

[1] Suttell & Hammer answered the complaint on April 29, 2026, and did not join the motion to dismiss. Dkt. 4.

information" that Ms. Carrasco had provided and referenced a different account. *Id.* ¶ 20. On March 3, Ms. Carrasco sent a follow-up letter requesting the same information, to which she received no response. *Id.* ¶ 21.

Following a hearing, the Pierce County District Court granted Suttell & Hammer's motion for summary judgment and entered judgment against Ms. Carrasco in the amount of $5,018.49. *Id.* ¶¶ 23–25.

### B. Procedural history

Ms. Carrasco filed this case on April 6, 2026. Dkt. 1. Among the allegations in her complaint, Ms. Carrasco claims that (1) she was never given the Logan Affidavit until the summary judgment hearing in state court; (2) the Logan Affidavit did not identify the current owner of the securitized debt; and (3) the Logan Affidavit inconsistently identified Shannon Logan as a "Litigation Support Representative" even though she is identified as "an employee and Authorized Signing Officer for Capital One" in a different filing by Suttell & Hammer.[2] *Id.* ¶¶ 10–13, 15.

On May 13, Capital One moved to dismiss Ms. Carrasco's complaint. Dkt. 8. On May 22, Ms. Carrasco responded (Dkt. 10), and on June 10, Capital One replied (Dkt. 13). Ms, Carrasco then sought leave to file a sur-reply, which the Court granted. Dkts. 14, 15, 17.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of

[2] The Court considers the Logan Affidavit as incorporated by reference into Ms. Carrasco's complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). The Logan Affidavit is central to the complaint, and no party has contested its authenticity. Dkts. 1, 4, 8, 13.

Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Additionally, "[o]n a motion to dismiss, the court may consider documents relied on in a complaint without converting the motion to one for summary judgment." *Lamb v. Mortg. Elec. Registration Sys., Inc.*, No. C10-5856RJB, 2011 WL 5827813, at *2 (W.D. Wash. Nov. 18, 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001)). The court may

consider evidence on which the complaint "necessarily relies" when the complaint refers to the document and the document is central to the plaintiff's claim. *See id*. (quoting *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006)). "A court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id*. (quoting *Ritchie,* 342 F.3d at 908).

Finally, the Court must construe a pro se plaintiff's pleadings liberally and "afford the [plaintiff] the benefit of any doubt." *Boquist*, 32 F.4th at 774 (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). But even when considering a pro se litigant's pleadings, the Court does not assume the truth of legal conclusions presented as facts, and "mere conclusory statements" are not enough to support a claim. *Iqbal*, 556 U.S. at 678. "A liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

## IV. DISCUSSION

Ms. Carrasco makes two claims against Capital One, alleging violations of (1) the CPA and (2) the FDCPA. Dkt. 1 ¶¶ 34–43. Both claims fall short. Ms. Carrasco does not sufficiently state a CPA claim because securitization of credit card debt is not a "deceptive" act and did not cause her injuries. And since Capital One is not a "debt collector" under the FDCPA, Capital One cannot be held vicariously liable in this instance.

### A. Ms. Carrasco fails to state a valid CPA claim because her claim depends on a discredited securitization theory.

Ms. Carrasco argues several times that her CPA claim is not contingent on whether securitization excuses her credit card debt or divests Capital One's right to collect. Dkt. 10 at 1–2; Dkt. 15 at 1. Nonetheless, she argues that the "fundamental" issue is that "if Capital One

transferred title and ownership of [her] account to [COMET] and retained only a servicing role, then Capital One is not collecting its own debt—it is collecting a debt owed to the trust." Dkt. 10 at 2. Ms. Carrasco alleges that Capital One "engaged in deceptive conduct" by (1) providing the Logan Affidavit to Suttell & Hammer and (2) failing to adequately respond to her securitization inquiries. *See* Dkt. 1 ¶¶ 10–22, 34–40; Dkt. 15 at 1–2. She underscores how the Logan Affidavit omitted information as to who the "current owner" of the credit card account receivable was and instead described Capital One as the "original creditor" of her credit card account. *See id.* Regarding her securitization inquiries, she asserts that Capital One acted deceptively when it failed to answer whether her credit card debt had been securitized and transferred to another entity like COMET. *Id.*

Capital One contends that Ms. Carrasco has failed to state a CPA claim because omitting information about the securitization of credit card debt is not an unfair or deceptive act affecting the public interest, and Ms. Carrasco has not adequately alleged damages or causation. Dkt. 8 at 6–8. The Court agrees. Neither of the alleged deceptive acts satisfies the requirements needed to constitute a CPA violation.

To plead a valid CPA claim, Ms. Carrasco must satisfy the factors delineated in *Hangman Ridge Training Stables, Inc. v. Safeco Title Insurance Co.* by alleging (1) an unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) that affects the public interest; (4) injury to business or property; and (5) a causal link between the unfair or deceptive act and the injury. 105 Wn.2d 778, 784–85, 719 P.2d 531 (1986); *see also id.* at 795 ("A successful plaintiff is one who establishes all five elements of a private CPA action.").

Courts have widely held that when creditors securitize receivables, they do not lose the ability to collect on the underlying debt. *See, e.g.*, *Bhatti v. Guild Mortg. Co.*, No. C11–0480–JLR, 2011 WL 6300229, at *5 (W.D. Wash. Dec. 16, 2011) (collecting cases), *aff'd in part*, 550

F. App'x 514 (9th Cir. 2013); *Shade v. Bank of Am.*, No. 2:08-CV1069 LKK JFM PS, 2009 WL 5198176, at *3–4 (E.D. Cal. Dec. 23, 2009), *aff'd sub nom. Shade v. Bank of Am. Corp.*, No. 10-15383, 2011 WL 794605 (9th Cir. 2011); *Willard v. Bank of Am.*, 204 F. Supp. 3d 829, 833 n.4 (E.D. Pa. Sept. 6, 2016) (collecting cases).

Ms. Carrasco's allegations rest upon this widely discredited securitization theory. Dkt. 1 ¶¶ 19–22; Dkt. 10 at 1–6 (stating that the "fundamental" issue is whether Capital One transferred title and ownership of her account to COMET and retained only a servicing role, thereby collecting not its own debt but a different trust's debt); Dkt. 15 at 1–2. Ms. Carrasco asserts that Capital One "securitizes a portion of its credit card loans, that credit card securitizations involve the transfer of credit card receivables to securitization trusts, and that these trusts then issue debt securities collateralized by the transferred receivables to third-party investors." Dkt. 1 ¶ 22. But this process does not affect ownership of the account. Credit card debt securitization solely pertains to receivables, not the accounts themselves; therefore, the card issuer retains its ownership interest in the account. *Willard*, 204 F. Supp. 3d at 834 (citing *Scott v. Bank of Am.*, 580 F. App'x 56, 57 (3d Cir. 2014)). Ms. Carrasco's own statements acknowledge that securitization does not change what she owes to Capital One. *See, e.g.*, Dkt. 10 at 3 (stating that she "does not contend that securitization relieves her of the debt . . . [or]that Capital One cannot collect"). Therefore, because even a liberal construction of Ms. Carrasco's complaint against Capital One rests on a supposed injury from the credit card debt securitization, Ms. Carrasco fails to state a valid CPA claim.

Ms. Carrasco also argues that the Logan Affidavit's failure to disclose the "current owner" of the credit card receivable was intended to "avoid disclosing whether the receivable had been securitized and transferred to COMET or another entity." Dkt. 1 ¶ 36. She similarly challenges Capital One's responses (and the lack thereof) to her inquiries regarding the "current

owner" of her account receivables. Dkt. 1 ¶¶ 34–40. But these arguments fail for the same reason. Because securitization of credit card debt does not change ownership of the debt or affect Ms. Carrasco's obligation to pay it, an alleged failure to disclose that securitization is not an unfair or deceptive act by Capital One and is not the cause of her injuries arising from the debt collection.

For these reasons, Ms. Carrasco's CPA claim fails. Because that failure is due to the lack of a cognizable legal theory, it cannot be cured by the allegation of other facts and leave to amend would be futile. *See Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (leave to amend should be granted unless the court "determines that the pleading could not be cured by the allegation of other facts"). The Court therefore DISMISSES the claim with prejudice.

**B. Capital One is not vicariously liable because it is not a "debt collector" under the FDCPA.**

Ms. Carrasco alleges that Capital One is vicariously liable for the FDCPA violations alleged against Suttell & Hammer, noting specifically the firm's "misrepresentations regarding Shannon Logan's title, its failure to serve the Logan Affidavit on Plaintiff, and its misleading arguments regarding Capital One's ownership of the debt [which] were all undertaken in furtherance of" the Collection Action. Dkt. 1 ¶¶ 41–43.

Capital One argues that Ms. Carrasco's FDCPA claim fails as a matter of law because the statute imposes liability only when both the principal and, if applicable, the agent are "debt collectors" as defined under 15 U.S.C. § 1692a(6). Dkt. 8 at 5–6 (collecting cases). The Court agrees.

A plaintiff asserting an FDCPA claim must allege facts supporting three threshold elements:

> (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant collecting the "debt" is a "debt collector" as defined in the

> FDCPA; and (3) the defendant engaged in any act or omission in violation of the provisions of the FDCPA.

*Aurora Fin. Grp., Inc. v. Tollefson*, No. C20-0297-JLR, 2020 WL 4816033, at *6 (W.D. Wash. Aug. 19, 2020); *see also Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1195 (9th Cir. 2019) ("To prevail on a claim under the FDCPA, a Plaintiff must establish that a debt collector, as defined in § 1692a(6), has failed to comply with a provision of the FDCPA.").

With respect to the second element, the FDCPA bars "debt collector[s]" from (1) engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d; (2) "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e; or (3) "us[ing] unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA's definition of debt collector "expressly *excludes* 'any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was originated by such person [or] was not in default at the time it was obtained by such person.'" *Jackson v. MKRP LLC*, No. 2:25-CV-00973-LK, 2025 WL 3158071, at *2 (W.D. Wash. Nov. 12, 2025) (alterations in original) (quoting 15 U.S.C. § 1692a(6)(F)). In other words, "creditors to whom a debt is originally owed are not 'debt collectors' under the FDCPA when they collect on their own behalf." *Id.* (citing *Afewerki v. Anaya L. Grp.*, 868 F.3d 771, 774 n.1 (9th Cir. 2017)).

Ms. Carrasco claims that Capital One is vicariously liable for actions taken by Suttell & Hammer in the Collection Action. Dkt. 1 ¶¶ 41–43. But vicarious liability under the

FDCPA may only be imposed when both principal and agent are debt collectors. *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996); *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016) (stating that the "key question" is whether a defendant alleged to be vicariously liable is a debt collector because the FDCPA "require[s] a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf. On the other hand, a company that is not a debt collector would not ordinarily be subject to liability under the [FDCPA] at all."). Here, Ms. Carrasco does not dispute that Capital One is the original creditor of her credit card debt. *See* Dkt. 10 at 6–9. She also does not dispute whether Capital One should be able to collect her credit card debt. *See id.* at 1–2. Indeed, the allegations show only "a debt owner"—Capital One—"seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017) ("[The FDCPA] seems to focus . . . on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself.").

Ms. Carrasco requests leave to amend to more "explicitly" plead her "theory" that "Capital One may be a 'debt collector' rather than a 'creditor.'" Dkt. 10 at 9. But she offers no new facts that would be alleged in support of this theory—only reference to the securitization theories already rejected by the Court. The Court therefore finds that leave to amend would be futile DISMISSES Ms. Carrasco's FDCPA claim against Capital One with prejudice.

### C. If Ms. Carrasco wishes to plead different claims against Capital One, she may file a motion for leave to amend.

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Unless it is absolutely clear that no amendment can cure the defect[s]" of a complaint, a self-represented litigant is entitled to notice of problems with the complaint that would result in dismissal, and an opportunity to amend before the case is dismissed. *See Lucas v.*

*Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court is not required to allow amendment "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citation omitted).

For the reasons explained above, Ms. Carrasco's current CPA and FDCPA claims against Capital One depend on flawed legal theories that cannot be cured by the allegation of more detailed facts. But because she is within the deadline for amending pleadings in the case schedule, if Ms. Carrasco believes she can plead different legal theories against Capital One, she may file a motion for leave to amend at any time before December 28, 2026. *See* Dkt. 22. If she files such a motion, it should be accompanied by a proposed amended complaint.

## V. CONCLUSION

For the reasons explained above, it is hereby ORDERED:

1. Capital One's motion to dismiss (Dkt. 8) is GRANTED.
2. Counts 3 and 4 of the complaint (the claims against Capital One) are DISMISSED WITH PREJUDICE.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of October, 2026.

Tiffany M. Cartwright
United States District Judge